IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 9:24-cv-81012 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DOUGLAS F. MARTIN, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**PETITION FOR JUDICIAL APPROVAL
OF LEVY UPON PRINCIPAL RESIDENCE**

The United States petitions this Court for an order approving an administrative levy by the Internal Revenue Service upon the principal residence of the taxpayer, Douglas F. Martin ("Mr. Martin"). In support of this petition, the United States submits the Declaration of Revenue Officer Steven Lee[1] ("Lee Declaration"), attached as Exhibit A, and asserts the following:

1.      This action has been authorized by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction of the Attorney General of the United States, in accordance with 26 U.S.C. § 7401.

---

[1] "Steven Lee" is an authorized pseudonym used by the IRS Revenue Officer in the course of performing his official duties. Lee Decl. ¶ 2.

2.      The Court has jurisdiction under 28 U.S.C. § 1340 and 26 U.S.C. ("Internal Revenue Code" or "I.R.C.") §§ 6334(e)(1)(B) and 7402(a).

3.      Venue is proper in the Southern District of Florida under 28 U.S.C. §§ 1391(b) and 1396.

4.      The Internal Revenue Code authorizes the IRS to levy upon a taxpayer's property, or rights to property, to collect an unpaid tax liability. I.R.C. § 6331. The Code allows the IRS to administratively levy property that a taxpayer uses as a principal residence (as that term is used in I.R.C. § 121), as long as: (a) the levy is approved in writing by a United States District Court Judge or Magistrate Judge; and (b) the taxpayer's liability exceeds $5,000. *See* I.R.C. § 6334(a)(13)(B)(i), (e)(1); 26 C.F.R. ("Treas. Reg.") § 301.6334-1(d).

5.      The United States seeks the Court's approval to levy upon Mr. Martin's interest in the real property located at 832 Ocean Inlet Drive, Boynton Beach, Florida 33435 ("the Property"). The Property is within this Court's jurisdiction and is legally described as follows (Lee Decl. ¶ 16):

> Lot 17, Coquina Cove, according to map or plat thereof as recorded in Plat Book 24, Page 14 of the Public Records of Palm Beach County, Florida.
> (Parcel I.D. 08-43-45-22-06-000-0170)

6.      Mr. Martin has owned the Property since at least 2004. Lee Decl. ¶ 18.

7.      The Property is Mr. Martin's primary residence, as that term is used in I.R.C. § 121. Lee Decl. ¶ 19.

8.      Mr. Martin is the only occupant of the Property. Lee Decl. ¶ 20.

9.      To obtain approval from the Court for an administrative levy on the Property, the United States must demonstrate that:

    a.  the taxpayer owes the liability;

    b.  the requirements of any applicable law or administrative procedure relevant to the levy have been met; and

    c.  no reasonable alternative for the collection of the taxpayer's debt exists.

Treas. Reg. § 301.6334-1(d)(1); *see United States v. DelVecchio*, No. 09-14247-CIV-MARTINEZ-LYNCH, 2010 U.S. Dist. LEXIS 71757, at *1–2 (S.D. Fla. Mar. 12, 2010). The taxpayer may not, however, challenge the merits of the tax liabilities in this proceeding. Treas. Reg. § 301.6334-1(d)(2).

10.     Unless Mr. Martin files a timely objection raising a genuine issue of material fact as to one of the factors in Paragraph 9, above, the Court should enter an order approving a levy of the Property. *See* Treas. Reg. § 301.6334-1(d)(2); *see also DelVecchio*, 2010 U.S. Dist. LEXIS, at *5–6. ("[T]he scope of these proceedings is limited: Where, as here, the government has established its prima facie case, Respondents are not entitled to a rebuttal hearing unless they raise a genuine issue of material fact[.]"). If Mr. Martin does raise a genuine issue of material fact, the Court should hold a hearing to determine whether the standard set out in Paragraph 9 is satisfied.

11.     Mr. Martin owes federal income tax liabilities and penalties for the 2014, 2015, 2016, 2017, and 2018 tax years ("the years at issue").

12.     A delegate of the Secretary of the Treasury made the following assessments against Mr. Martin for federal income taxes and penalties. Lee Decl. ¶ 12.

| Tax Year | Assessment Date | Type of Assessment | Amount | Balance Due as of 8/15/2024 |
|----------|-----------------|--------------------|--------|------------------------------|
| 2014 | Nov. 23, 2015 | Income tax | $54,136.00 | $5,586.73 |
| | Nov. 23, 2015 | Penalty: failure to make estimated tax payments | $919.22 | |
| | Nov. 23, 2015 | Penalty: failure to pay tax | $2,059.40 | |
| | Mar. 14, 2016 | Penalty: failure to pay tax | $1,287.12 | |
| | Mar. 12, 2018 | Penalty: failure to pay tax | $9,524.72 | |
| 2015 | Nov. 21, 2016 | Income tax | $100,555.00 | $121,680.81 |
| | Nov. 21, 2016 | Penalty: failure to make estimated tax payments | $1,191.66 | |
| | Nov. 21, 2016 | Penalty: failure to pay tax | $4,022.20 | |
| | Mar. 12, 2018 | Penalty: failure to pay tax | $14,580.47 | |
| | Oct. 5, 2020 | Penalty: failure to pay tax | $6,536.07 | |
| 2016 | Feb. 26, 2018 | Income tax | $77,359.00 | $137,384.40 |
| | Feb. 26, 2018 | Penalty: failure to make estimated tax payments | $805.31 | |
| | Feb. 26, 2018 | Penalty: failure to pay tax | $4,254.74 | |
| | Oct. 5, 2020 | Penalty: failure to pay tax | $15,085.01 | |
| 2017 | Nov. 19, 2018 | Income tax | $64,663.00 | $111,021.01 |
| | Nov. 19, 2018 | Penalty: failure to make estimated tax payments | $827.51 | |
| | Nov. 19, 2018 | Penalty: failure to pay tax | $2,586.52 | |
| | Mar. 2, 2020 | Penalty: failure to pay tax | $13,579.22 | |

| Tax Year | Assessment Date | Type of Assessment | Amount | Balance Due as of 8/15/2024 |
|---|---|---|---|---|
| 2018 | Nov. 18, 2019 | Income tax | $70,251.00 | $116,567.13 |
| | Nov. 18, 2019 | Penalty: failure to make estimated tax payments | $2,278.00 | |
| | Nov.18, 2019 | Penalty: failure to pay tax | $2,810.04 | |
| | Oct. 11, 2021 | Penalty: failure to pay tax | $14,752.70 | |
| **TOTAL** | | | | **$492,240.08** |

13.     A delegate of the Secretary of the Treasury properly gave notice to Mr. Martin of the unpaid taxes and penalties described in Paragraph 12, above, and made demands for payment. Lee Decl. ¶ 13.

14.     Despite notices and demands for payment, Mr. Martin has failed to pay his liabilities in full. Lee Decl. ¶ 14.

15.     As of August 15, 2024, Mr. Martin owes the United States $492,240.08 for tax years 2014, 2015, 2016, 2017, and 2018, plus interest and statutory additions that continue to accrue. Lee Decl. ¶ 15.

16.     Under I.R.C. §§ 6321–6322, federal tax liens for the liabilities described in Paragraph 12, above, arose automatically upon the dates of assessment and attached to all Mr. Martin's property and rights to property, including the Property.

17.     The IRS filed the following Notices of Federal Tax Lien ("NFTL") against Mr. Martin in the public records of Palm Beach County. These NFTLs attach to the Property. Lee Decl. ¶ 17.

| Tax Year(s) | Recording Date | Book/Page |
|---|---|---|
| 2014, 2015, 2016, 2017 | March 28, 2019 | 30504/0209 |
| 2018 | December 17, 2019 | 31097/0670 |

18.     As fully described in the Lee Declaration, the IRS has met all legal and procedural requirements relevant to a levy on Mr. Martin's principal residence. *See* Lee Decl. ¶ 21.

19.     The IRS sent Mr. Martin the following Collection Due Process ("CDP") notices, which inform a delinquent taxpayer of his liabilities, the IRS's intended collection actions, and his right to a hearing to contest the collection actions. Mr. Martin never requested a CDP hearing. Lee Decl. ¶ 21.

   a.   Letter 1058, *Final Notice: Notice of Intent to Levy and Notice of Your Rights to a Hearing*: February 6, 2019 (tax years 2014, 2015, 2016, and 2017) and December 17, 2019 (tax year 2018). Lee Decl. ¶ 21(a), (c).

   b.   Letter 3172, *Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320*: March 28, 2019 (tax years 2014, 2015, 2016, and 2017) and December 19, 2019 (tax year 2018). Lee Decl. ¶ 21(b), (d).

20.     On February 15, 2023, the IRS sent Mr. Martin Letter 3174, *New Warning of Enforcement*, for his 2014, 2015, 2016, 2017, and 2018 tax liabilities. Letter 3174 reminds a taxpayer who has remained delinquent after receiving CDP notice(s) of the taxpayer's outstanding tax liabilities and the IRS's intended collection actions.

The IRS is not required to send Letter 3174 but does so as a courtesy, to give the taxpayer another chance to pay voluntarily and avoid seizure of assets. Mr. Martin did not respond or make any payment. Lee Decl. ¶ 21(e).

21.     On December 11, 2023, the IRS sent Mr. Martin Letter 9297, *Notice of Intent to Seize*, for his 2014, 2015, 2016, 2017, and 2018 tax liabilities. The Letter 9297 gave Mr. Martin a deadline of January 2, 2024, to pay in full. Again, Mr. Martin did not respond or make any payment. Lee Decl. ¶ 21(f).

22.     The IRS has attempted to satisfy Mr. Martin's unpaid liability from assets other than the Property. For example, the IRS has tried multiple levies, which yielded only $1,432.07 total. Lee Decl. ¶¶ 23–25.

23.     Mr. Martin's refusal to cooperate severely limits the IRS's collection options. He has not responded to any of the IRS's numerous notices, letters, or phone calls about his tax liability. Mr. Martin has sent letters to Revenue Officers claiming to be a sovereign citizen exempt from federal income tax. Lee Decl. ¶ 26.

24.     Mr. Martin has not filed a federal income tax return since 2018 or made any estimated tax payments since 2019. Lee Decl. ¶ 27.

25.     The IRS has evaluated the collection potential of the Property and determined that the sale proceeds would fully pay Mr. Martin's tax liabilities for the years at issue. Lee Decl. ¶ 22.

26.      No reasonable alternative to a principal residence levy exists to satisfy Mr. Martin's unpaid tax liabilities described above. Lee Decl. ¶ 22.

**WHEREFORE**, the United States respectfully requests that:

A.      This Court enter the attached Notice and Order to Show Cause, which the United States will serve on Mr. Martin; and

B.      If Mr. Martin does not file a proper written Objection to Petition within 35 days from the date of the Order to Show Cause, the Court enter an order approving the administrative levy on the Property, to be executed by any authorized officer of the IRS; and

C.      If Mr. Martin files a written Objection to Petition demonstrating any grounds for objection set forth in the Notice, the Court set a hearing date for this matter, at which the objections raised shall be considered and after which the Court may enter a further order approving the administrative levy on the Property, to be executed by any authorized officer of the IRS.

Dated: August 22, 2024

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Meredith Elliott Hollman*
MEREDITH ELLIOTT HOLLMAN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
202-305-8688 (v)
202-514-4963 (f)
Meredith.Hollman@usdoj.gov

*Of Counsel:*
Markenzy Lapointe
United States Attorney
Southern District of Florida