IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Petitioner, | ) Case No. 9:24-cv-81012 |
| | ) |
| v. | ) |
| | ) |
| DOUGLAS F. MARTIN, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

**DECLARATION OF REVENUE OFFICER STEVEN LEE
IN SUPPORT OF PETITION FOR JUDICIAL APPROVAL
OF LEVY UPON PRINCIPAL RESIDENCE**

I, Steven Lee, pursuant to 28 U.S.C. § 1746 and in support of the United States' Petition for Judicial Approval of Levy Upon Principal Residence, declare that:

1. I am employed by the Internal Revenue Service ("IRS") as a Revenue Officer in West Palm Beach, Florida. I have been employed as a Revenue Officer for 19 years.

2. "Steven Lee" is a pseudonym that I am authorized to use, including in the execution of this Declaration, under Section 3706 of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. No. 105-206, 112 Stat. 685.

3. In my capacity as a Revenue Officer, I am assigned to collect the unpaid tax liabilities of Defendant Douglas F. Martin ("Mr. Martin") for the

1

2014, 2015, 2016, 2017, and 2018 tax years ("the years at issue").

4. The matters set out in this declaration are based on my personal knowledge and review of IRS records for Mr. Martin.

**IRS Recordkeeping Procedure**

5. Through my training and experience as a Revenue Officer, I am familiar with IRS recordkeeping procedure, including the IRS's methods of keeping files related to the collection of outstanding liabilities.

6. My training and experience have also made me familiar with the IRS's computer system for storing and tracking information about taxpayers' accounts. That computer system is called the Integrated Data Retrieval System (IDRS). As transactions (such as assessments, payments, notices, and levies) occur on a taxpayer's account for a particular tax period, the transactions are electronically recorded in IDRS. The IDRS entries are made automatically in some cases. If they are made manually, IRS policy requires them to be made by, or at the direction of, a person who has personal knowledge of the transaction being recorded. IDRS records are created and maintained in the regular course of IRS business.

7. IDRS has different computer command codes to perform different calculations and display return information as the IRS requires. I use IDRS for various functions almost every working day. Employees throughout the IRS rely on IDRS as a record of taxpayers' accounts.

8. Account transcripts are automatically created when an IRS employee

uses IDRS to look up information about the taxpayer's account for a particular period. In other words, an account transcript is a way for the IRS to show information contained on IDRS at the time the account transcript is created. Account transcripts accurately reflect information contained on IDRS at the time the transcripts are created. They are kept in the ordinary course of the IRS's regularly conducted activities, and it is the regular practice of the IRS to maintain these transcripts.

9. One kind of transcript IDRS can generate is a Certificate of Assessments, Payments, and Other Specified Matters. This transcript is also known as an IRS "Form 4340." A Form 4340 is self-authenticating because it includes a Certificate of Official Record signed and sealed by a delegate of the Secretary of the Treasury. Copies of Forms 4340 for the liabilities at issue in this case are attached as **Exhibit B**.

10. Because transcripts like Form 4340 show only the unpaid balance of assessments, not all accruals, the IRS routinely uses the INTST-D command code to track up-to-date interest and penalty calculations. IDRS performs interest computations by applying the correct interest rate, compounded daily. It also computes any penalties that are continuing to accrue. The INTST-D command code displays a detailed breakdown of how the interest and penalties, such as failure-to-pay penalties, have accrued. The INTST-D command code requires users to input a date through which the interest and penalties will be computed.

11. I used the INTST-D command code in IDRS to compute the unpaid balance of the assessments against Mr. Martin, plus accrued interest, penalties, and statutory additions through August 15, 2024, for each tax period. True and correct copies of the INTST-D computation printouts for Mr. Martin's unpaid federal income tax liabilities are attached as **Exhibit C**.

**Mr. Martin's Federal Income Tax Liabilities**

12. IDRS records show that a delegate of the Secretary of the Treasury made the following assessments against Mr. Martin for unpaid federal income taxes and penalties for the years at issue. *See* Ex. B (Forms 4340), Ex. C (INTST-D).

| Tax Year | Assessment Date | Type of Assessment | Amount | Balance Due as of 8/15/2024 |
|---|---|---|---|---|
| 2014 | Nov. 23, 2015 | Income tax | $54,136.00 | $5,586.73 |
| | Nov. 23, 2015 | Penalty: failure to make estimated tax payments | $919.22 | |
| | Nov. 23, 2015 | Penalty: failure to pay tax | $2,059.40 | |
| | Mar. 14, 2016 | Penalty: failure to pay tax | $1,287.12 | |
| | Mar. 12, 2018 | Penalty: failure to pay tax | $9,524.72 | |
| 2015 | Nov. 21, 2016 | Income tax | $100,555.00 | $121,680.81 |
| | Nov. 21, 2016 | Penalty: failure to make estimated tax payments | $1,191.66 | |
| | Nov. 21, 2016 | Penalty: failure to pay tax | $4,022.20 | |
| | Mar. 12, 2018 | Penalty: failure to pay tax | $14,580.47 | |

| Tax Year | Assessment Date | Type of Assessment | Amount | Balance Due as of 8/15/2024 |
|---|---|---|---|---|
| | Oct. 5, 2020 | Penalty: failure to pay tax | $6,536.07 | |
| 2016 | Feb. 26, 2018 | Income tax | $77,359.00 | $137,384.40 |
| | Feb. 26, 2018 | Penalty: failure to make estimated tax payments | $805.31 | |
| | Feb. 26, 2018 | Penalty: failure to pay tax | $4,254.74 | |
| | Oct. 5, 2020 | Penalty: failure to pay tax | $15,085.01 | |
| 2017 | Nov. 19, 2018 | Income tax | $64,663.00 | $111,021.01 |
| | Nov. 19, 2018 | Penalty: failure to make estimated tax payments | $827.51 | |
| | Nov. 19, 2018 | Penalty: failure to pay tax | $2,586.52 | |
| | Mar. 2, 2020 | Penalty: failure to pay tax | $13,579.22 | |
| 2018 | Nov. 18, 2019 | Income tax | $70,251.00 | $116,567.13 |
| | Nov. 18, 2019 | Penalty: failure to make estimated tax payments | $2,278.00 | |
| | Nov. 18, 2019 | Penalty: failure to pay tax | $2,810.04 | |
| | Oct. 11, 2021 | Penalty: failure to pay tax | $14,752.70 | |
| **TOTAL** | | | | **$492,240.08** |

13. A delegate of the Secretary of the Treasury properly gave notice to Mr. Martin of the unpaid taxes and penalties described in Paragraph 12, above, and made demands for payment. Ex. B, at 6–7, 13–14, 20, 26, 31.

14. Despite notices and demands for payment, Mr. Martin has failed to pay in full his liabilities for the years at issue.

15. As of August 15, 2024, Mr. Martin owes the United States $492,240.08 for tax years 2014, 2015, 2016, 2017, and 2018, plus interest and statutory additions that continue to accrue.

**Justification for a Principal Residence Levy**

16. The property upon which the Internal Revenue Service desires to levy ("the Property") is located at 832 Ocean Inlet Drive, Boynton Beach, Florida 33435. The legal description of the Property is as follows:

    > Lot 17, Coquina Cove, according to map or plat thereof as recorded in Plat Book 24, Page 14 of the Public Records of Palm Beach County, Florida.
    > (Parcel I.D. 08-43-45-22-06-000-0170)

17. The IRS has filed the following Notices of Federal Tax Lien ("NFTL") against Mr. Martin in the public records of Palm Beach County.

| Tax Year(s) | Recording Date | Book/Page |
|---|---|---|
| 2014, 2015, 2016, 2017 | March 28, 2019 | 30504/0209 |
| 2018 | December 17, 2019 | 31097/0670 |

18. I have examined a quitclaim deed recorded on October 27, 2004, reflecting that Mr. Martin owns the Property. I obtained a copy of the deed from the Palm Beach County Clerk's Office online property records website. A true and complete copy is attached as **Exhibit D.**

19. My understanding is that the Property is Mr. Martin's principal residence (as that term is used in 26 U.S.C. § 121).

20. My understanding is that Mr. Martin is the only occupant of the Property.

21. The IRS has followed the requirements of applicable law and administrative procedures relevant to a levy upon the Property:

    a. On February 6, 2019, the IRS sent Mr. Martin Letter 1058, *Final Notice: Notice of Intent to Levy and Notice of Your Rights to a Hearing* ("Levy CDP Notice"), for his federal income tax liabilities for the 2014, 2015, 2016, and 2017 tax years. Ex. B, at 3, 11, 17, 23. A Levy CDP Notice notifies a delinquent taxpayer that the IRS intends to impose a levy to collect his tax liabilities, informs him of his right to a collection due process ("CDP") hearing, and provides instructions for requesting a CDP hearing to appeal the collection action. This Levy CDP Notice was returned as "refused or unclaimed." Mr. Martin did not request a hearing.

    b. On March 28, 2019, the IRS sent Mr. Martin Letter 3172, *Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320* ("Lien CDP Notice"), for his 2014, 2015, 2016, and 2017 tax liabilities. Ex. B, at 3, 11, 17, 23. A Lien CDP Notice notifies a delinquent taxpayer that the IRS has filed an NFTL for his tax liabilities, informs him of his right to a CDP hearing, and provides instructions for requesting a hearing to appeal the collection action. Mr. Martin did not request a hearing.

    c.    On December 17, 2019, the IRS sent Mr. Martin a Levy CDP Notice for his 2018 tax liabilities. Mr. Martin did not request a hearing. Ex. B, at 29.

    d.    On December 19, 2019, the IRS sent Mr. Martin a Lien CDP Notice for his 2018 tax liabilities. Mr. Martin did not request a hearing. Ex. B, at 30.

    e.    On February 15, 2023, the IRS sent Mr. Martin Letter 3174, *New Warning of Enforcement*, for the 2014, 2015, 2016, 2017, and 2018 tax years. Letter 3174 reminds a taxpayer who has remained delinquent after receiving a Levy CDP Notice of the taxpayer's outstanding tax liabilities and the IRS's intended collection actions. The IRS is not required to send Letter 3174 but does so as a courtesy, to give the taxpayer another chance to pay voluntarily and avoid seizure of assets. Mr. Martin did not respond or make any payment.

    f.    On December 11, 2023, the IRS sent Mr. Martin Letter 9297, *Notice of Intent to Seize*, for his 2014, 2015, 2016, 2017, and 2018 tax liabilities. The Letter 9297 gave Mr. Martin a deadline of January 2, 2024, to pay in full. Mr. Martin did not respond or make any payment.

    g.    The IRS has advised Mr. Martin of his CDP rights, but he has never requested a hearing.

22. Pursuant to 26 U.S.C. § 6331(j), I have made a thorough investigation of the status of the Property. My investigation included a determination that the equity in the Property can yield net sale proceeds to be applied to Mr. Martin's tax liability:

    a. The fair market value of the Property, as of June 14, 2024, is approximately $3,400,000.

    b. Because properties sold at a foreclosure auction typically fetch less than their fair market value ("FMV"), the Internal Revenue Manual instructs revenue agents to calculate a property's reduced forced sale value ("RFSV") as 60% of FMV. I.R.M. 5.10.1.5.3.1. The Property's RFSV is $2,000,000 (60% of $3,400,000).

    c. The total sales costs are estimated to be $2,500.

    d. There are no known encumbrances on the home.

    e. Accordingly, the net proceeds of the sale would be approximately $1,997,500, which would fully satisfy Mr. Martin's outstanding federal income tax liabilities for the years at issue.

23. The IRS has exhausted all reasonable alternative means of collecting Mr. Martin's tax debt.

24. Since 2020, the IRS has tried multiple levies, which yielded only $1,432.07 total. Mr. Martin appears to keep the balances in his personal bank accounts low, to avoid IRS collection efforts.

25. I considered other options but concluded that they were not viable. Based on my experience, I expect that if the IRS did levy Mr. Martin's business accounts, Mr. Martin would move the funds. A levy of Mr. Martin's personal vehicle would not generate significant proceeds.

26. Mr. Martin's refusal to cooperate severely limits the IRS's collection options. He has not responded to any of the IRS's numerous notices, letters, or phone calls about his tax liability. Mr. Martin has sent letters to Revenue Officers claiming to be a sovereign citizen exempt from federal income tax and attaching bogus legal forms. *See, e.g.*, **Exhibit D** (June 28, 2022, letter from Mr. Martin to Revenue Officer, with attached forms from the "Sovereignty Education and Defense Ministry, sedm.org").

27. Mr. Martin has not filed a federal income tax return since 2018 or made any estimated tax payments since 2019.

28. No reasonable alternative to a levy on a principal residence can satisfy Mr. Martin's unpaid federal income tax liabilities described above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Plantation, Florida, on the 21st day of August, 2024.

*[signature]*
Steven Lee
Revenue Officer